In re SIMMONS et al., Board of Water Supply.

(Supreme Court, Special Term, Ulster County.   October, 1910.)

1. EMINENT DOMAIN (§ 150*)—COMPENSATION—AMOUNT.
    A municipality condemning land should be held to at least its lowest value.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 402; Dec. Dig. § 150.*]

2. EMINENT DOMAIN (§ 150*)—COMPENSATION—ADEQUACY—EVIDENCE—SUFFICIENCY.
    Evidence *held* to show that awards for land taken by New York City for water supply purposes are too low.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 402; Dec. Dig. § 150.*]

3. EMINENT DOMAIN (§ 133*)—COMPENSATION—MEASURE.
    The value of rural church property condemned for municipal water supply purposes should be fixed at the value of the land as enhanced by the buildings thereon, taking the reasonable cost of replacing them and considering their state of repair and depreciation.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 358–361; Dec. Dig. § 133.*]

Application by J. Edward Simmons and others, constituting the Board of Water Supply of the City of New York, to condemn land. On application to confirm awards.   Partly affirmed, and partly disapproved.

See, also, 124 N. Y. Supp. 738.

Archibald R. Watson, Corp. Counsel, and William MacMurtrie Speer, Sp. Counsel, for City of New York.

Arthur A. Brown, Harrison T. Slosson, William D. Brinnier, John G. Van Etten, and A. C. & F. W. Hottenroth, for various property owners.

BETTS, J.   Objection is made by Albert Brown, the owner of parcel No. 48 to the amount of the award of this commission which is $11,500.   This is the second award made upon this property by this commission which was originally sent back to them because the landowner, Mr. Brown, claimed that he thought that he had an agreement with the city of New York that the water power, as a separate proposition, was to be valued at $4,000, hence he did not put in the testimony that was available to him for the purpose of establishing the value of that water power.   The original award was $11,500, and this award is for the same amount.

The city's testimony on this hearing by their experts was that the fair market value of the water power was $4,000.   Three other witnesses were produced by the city as to the value of the farm or premises as an entirety which they fixed at the sum of $11,450.   The testimony of one or more of them showed that they paid no attention to the value of the water power; in other words, that their estimate of $11,450 was exclusive of such value, if any, as might be given to the water power, and they or some of them admitted upon their di-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rect or cross-examination that their value of $11,450 was without giving any value whatever for the water power. This would show by the witnesses produced by the city and vouched for by them, a value of the entire property of $15,450, nearly $4,000 in excess of the value fixed by this award. I think under the recent decisions that a municipality seeking to take by condemnation proceedings the real property of another person should be held to at least its lowest value of the property; that this award should not be confirmed. The discrepancy between the value of the city's witnesses and the value of the award is too great to be overlooked by the court.

The award is not confirmed. The claim of Albert Brown for this property will be sent to a new commission consisting of J. Murray Downs, lawyer, 57 State street, Albany, N. Y., Edward D. O'Brien, lawyer of 120 Broadway, City and County of New York, N. Y., and William O. Schwarzwaelder, manufacturer, of Chichester, Ulster county, N. Y.

In parcel No. 66, Consistory of the Reformed Church of the Faithful, which had been previously reported on by this same commission, the church received an award of $5,500 therefor by the first report. This was objected to by the Consistory of the Reformed Church of the Faithful on practically the same grounds as those made by Mr. Brown, the owner of parcel No. 48, and it was returned to the same commission. They have again made an award of $5,500. It appears upon the hearing that the testimony of the city's witnesses as to the fair market value of this property was $6,250, and that the value of the buildings alone without the lot was $5,916.24 allowing 10 per cent. for depreciation from the value of new buildings. It is, of course, difficult, if not impossible, to give the fair market value of a country church. There is no market for it. People do not go about buying and selling country churches. A fair value would seem to be the value of the land alone, and the value of the property enhanced by the buildings thereon, taking the reasonable cost of replacing the buildings, considering their state of repair and depreciation from the time they were erected. Substantially the same reasons obtain here that obtain in parcel No. 48 for refusing confirmation.

Confirmation is refused, and the parcel is sent to a new commission consisting of the same persons as appointed for parcel No. 48.

Two other parcels, No. 61 and No. 71, were originally objected to on the hearing, but the objections have since been withdrawn.

Objections also were made by Messrs. Hottenroth and Mr. Brinnier to confirmation for three parcels in which they were respectively interested. These objections are overruled, and the remainder of the report of the commission is confirmed, with the exception of the two parcels, Nos. 48 and 66, hereinbefore referred to.